UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER McCALL,<br><br>            Plaintiff,<br><br>vs.<br><br>IDOC DIRECTOR BREE DERRICK,<br>SGT. MILESKI, CPL. NORTON, and LT.<br>COFFMAN,<br><br>            Defendants. | Case No. 1:25-cv-00469-AKB<br><br>**INITIAL REVIEW ORDER**<br>**BY SCREENING JUDGE** |

Christopher McCall (Plaintiff), an Idaho Department of Correction (IDOC) inmate, submitted a Complaint that was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1, 2. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed to the next stage of litigation against three Defendants.

1.  **Factual Allegations**

Plaintiff alleges that, at the time of the incidents at issue, he was a past member of the Aryan Knights (AK) gang. Plaintiff knew that AK gang members were not permitted to be housed on F-block of the Idaho State Correctional Center facility, but he accepted housing there because he considered himself no longer associated with the AK gang. Nevertheless, as a "past" AK gang member, he carried out an attack on another inmate "to appease the AK" gang. Dkt. 3 at 1.

When discussing the incident with Defendant Sergeant Mileski, who issued Plaintiff a Disciplinary Offense Report (DOR) for attacking the other inmate, Plaintiff admitted that he "had lived in F Block on his own will for almost 5 months and this … has placed him at odds with his

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

STG [security threat group] peers." *Id*. at 6. On September 27, 2023, Lieutenant Coffman authorized issuance of the DOR. *Id*. at 2.

After the incident, Plaintiff verbally informed Corporal Norton that he needed help and safety and should not be transferred to a gang unit (called a "hard walk"). Norton allegedly said, "Don't worry, you're going where you're supposed to be." *Id*. at 2. Plaintiff reiterated to Norton: "I can't go to a hard walk." *Id*.

On October 3, 2023, Plaintiff was transferred to G-2 at ISCC, which he alleges is a well-established gang unit or hard walk. Plaintiff states he was then attacked for eight minutes by "AK STG peers" Cody W. Meade and Nicholas C. Shoemaker. *Id*. He was hospitalized with severe injuries. Meade and Shoemaker were convicted of felony aggravated battery in state criminal cases CR01-24-01852 and CR01-24-01853. *Id*.

Plaintiff does not state that, when he discovered he was to be transferred to a hard walk, despite his discussion with Corporal Norton, he notified IDOC officials via the administrative concern form and grievance system that he feared remaining in G-2. Nor does Plaintiff state he told any staff in Unit G-2, upon his new assignment there, that he feared being attacked.

2. **Standards of Law**

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. To state a claim under the Eighth Amendment in a § 1983 action, Plaintiff must provide facts showing that he is incarcerated under conditions posing a substantial risk of serious harm, or that he has been deprived of the "minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The Eighth Amendment requires a plaintiff to allege facts showing that Defendants were deliberately indifferent to his needs. "[D]eliberate indifference entails something more than mere negligence … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Prison officials who act with deliberate indifference to the threat of serious harm or injury by one prisoner against another are subject to liability under the Eighth Amendment under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted). Importantly, however, even an obvious danger does not result in liability if the official is not subjectively aware of it. *Id.* at 841-

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

42. If a prison official is aware of an obvious, substantial risk to inmate safety, it is no defense that he "did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id*. at 843.

### 3. Discussion of Claims

Plaintiff asserts that Sergeant Mileski, Corporal Norton, and Lieutenant Coffman knew that he would be in danger if he was placed on a "hard walk." Further, Plaintiff asserts that his discussion with Mileski shows that Mileski was aware that Plaintiff should not be placed on a hard walk. He alleges that his verbal discussion with Norton placed Norton on notice. Plaintiff also alleges that, because of the information contained in the DOR, Norton and Coffman were on notice that Plaintiff should not have been placed on a hard walk. Plaintiff provides no allegations that he used the administrative grievance system to report his fears or contest his transfer. Plaintiff will be permitted to proceed to the next stage of litigation against these Defendants. If Plaintiff did not exhaust his administrative remedies, he may face a motion to dismiss on that basis.

Plaintiff has stated insufficient allegations showing that he is entitled to injunctive relief against Bree Derrick, the IDOC director. He asserts that "retaliation is a common place practice, exercised by IDOC and/or ISCC officials." Dkt. 3 at 7. However, he has provided no facts to support these allegations. It is clear from the content of the pleadings that Plaintiff is being assisted by a three-strikes jailhouse lawyer, Jody Carr, known in the federal district court to repeatedly make allegations of this nature without factual support.[2] If Plaintiff has facts supporting this claim, he may file an amended complaint.

---

[2] *See, e.g.*, *Carr v. Bartlett*, Case No. 1:20-cv-00491-REP, Dkt. 60 at 40 (dismissing case as legally and factually frivolous); *see Farley v. Tewalt*, Case No. 1:21-cv-00409-BLW-DKG, Dkt. 48 at 3 (observing that "Carr has a federal court history of inserting himself into other inmates' actions to assert speculative, exaggerated claims that were unauthorized by those inmates and to file multiple motions unauthorized by court order."); *Carr v. Page*, Case No. 23-cv-00227-JCC

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed on his Eighth Amendment failure to protect claims against Defendants Sergeant Mileski, Corporal Norton, and Lieutenant Coffman. All claims against Bree Derrick are DISMISSED, and she is TERMINATED as a party to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[3]

2. Defendants Sergeant Mileski, Corporal Norton, and Lieutenant Coffman will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Federal Rule of Civil Procedure 4(d) and returning it to the Court within **30 days**. If Defendants choose to return the Waiver of Service of Summons, the answer

---

(noting Carr has a history of "abusive litigation tactics that defy the purpose of Rule 1 of the Federal Rules of Civil Procedure" to ensure a just and speedy resolution of each proceeding").

[3]   Any amended complaint must contain all of Plaintiff's allegations in a single pleading; the amended complaint will replace the original Complaint. Therefore, defendants and claims from the original Complaint that are not included in the amended complaint will no longer be considered part of this case. *See* Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend.").

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel: Mary Karin Magnelli, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of Defendants Sergeant Mileski, Corporal Norton, and Lieutenant Coffman.

3. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

4. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

5. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

6. Any amended pleadings must be submitted, along with a motion to amend, within **150 days** after entry of this Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

7. Dispositive motions must be filed no later than **300 days** after entry of this Order.

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 457, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: December 2, 2025

Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**